IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| MIRIAM WALKER, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 3:12-CV-25-CAR-MSH |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |
| _____ | | |

**REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for a period of disability, disability insurance benefits and supplemental security income, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this

court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq.*

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the claimant is working. *Id.* If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## Administrative Proceedings

Claimant applied for a period of disability and disability insurance benefits, and supplemental security income on August 31, 2007, alleging disability January 1, 2005, due to varicose veins and arthritis in both legs. (Tr. 133; ECF No. 10.) Claimant's

application was denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ"). The Claimant appeared before an ALJ for a hearing on April 6, 2010, and following the hearing, the ALJ issued an unfavorable decision on May 3, 2010. (Tr. 18-25.) The Appeals Council ultimately denied Claimant's Request for Review on December 28, 2011. (Tr. 1-6.) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date. (Tr. 22.) The ALJ found that Claimant had diabetes mellitus, varicose veins, and glaucoma. (*Id.*) The ALJ then determined that Claimant's severe impairments did not meet or medically equal, either individually or any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

The ALJ next found that Claimant had the residual functional capacity (RFC) to perform a range of medium work, with no climbing, of ladders, ropes, or scaffolds, and was limited to frequent climbing of ramps and stairs, balancing, stooping, kneeling, and crouching, and that Claimant should avoid extreme temperatures and humidity. (Tr. 22.) The ALJ determined that at the time of the hearing, Claimant was 55 years old. (Tr. 24.) The ALJ further found that Claimant had a tenth grade education and that Claimant could perform past relevant work as a cleaner. (Tr. 25.) In making that determination, the ALJ utilized the testimony of a Vocational Expert who testified in response to the ALJ's hypothetical questions that Claimant could return to her previous work as a cleaner. (*Id.*)

## ISSUES

I.  **Whether the ALJ erred in failing to determine that Claimant's obesity was a severe impairment and in failing to evaluate the effect of obesity on Walker's cardiovascular and musculoskeletal impairments.**

II. **Whether the ALJ erred in failing to properly evaluate the disabling limitations assessed by Claimant's treating physician.**

## DISCUSSION

I.  **Whether the ALJ erred in failing to determine that Claimant's obesity was a severe impairment and in failing to evaluate the effect of obesity on Walker's cardiovascular and musculoskeletal impairments.**

Claimant's first issue alleges that the ALJ erred in failing to find that Claimant's obesity was a severe impairment, and further erred in failing to evaluate the effects of her obesity on her cardiovascular and musculoskeletal impairments. (Cl.'s Br. 14, ECF No. 11.)

As to Claimant's contention that the ALJ erred in failing to properly apply Social Security Ruling 02-01p in evaluating her obesity, the Regulation states that obesity is a medically determinable impairment that an ALJ must consider in evaluating disability, that the combined effects of obesity and other impairments can be greater than the effects of each single impairment considered individually, and that obesity must be considered when assessing RFC.  Specifically, the Regulation states that "[a]s with any other medical condition, we will find that obesity is a 'severe' impairment when, alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities." SSR 02-1p, 2002 WL 34686281, at *4 (S.S.A. 2002).  SSR 02-1p, further states that

"[t]here is no specific level of weight or BMI that equates with a 'severe' or 'not severe' impairment." *Id.*

As noted above, the sequential disability analysis requires the Claimant to prove that she suffers from an impairment or combination of impairments which prevents the performance of basic work activities; i.e. that she has any severe impairments.  The ALJ "is under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.'"  *Street v. Barnhart*, 133 Fed. Appx. 621, 627 (11th Cir. 2005) (quotations omitted).  Furthermore, where the Claimant is represented by counsel, the ALJ is not subject to a heightened duty to discover all of the facts relevant to a claimant's disability claim. *Id.*

In this case, Claimant failed to claim obesity as a disabling condition in her disability report. (Tr. 133).  It is up to the Claimant to present evidence to support her claims of impairment.  *See,* 20 C.F.R. §§ 404.1512(a), (c); 416.912(a), (c).  In fact, there was no mention of obesity in the record at all until this appeal was filed.  In her hearing, Claimant admitted to being "five (sic), six" and weighing approximately 185 pounds. (Tr. 36.)  That is the only mention of Claimant's height and weight in the administrative record.  Claimant's medical records may reference a height of "five-three" and weights fluctuating between 184 and 201 pounds (Tr. 346, 350, 445), but that does not mean that the ALJ must find Claimant's weight to be an impairment necessitating evaluation.  The burden is not on the ALJ to establish the effects of an impairment, and this Court can find no error where the Claimant failed to meet her burden of proof.  Accordingly, the ALJ

applied the appropriate legal standard, and his decision is supported by substantial evidence.

## II. Whether the ALJ erred in failing to properly evaluate the disabling limitations assessed by Claimant's treating physician.

Claimant also argues that the ALJ erred in properly evaluating a May 2007 RFC assessment from Dr. James Southerland, her treating physician. (Cl.'s Br. 11.) Specifically, Claimant contends that the ALJ's rejection of Dr. Southerland's finding that she was limited to standing, walking and sitting less than four hours total in an eight-hour workday, would need to lie down at unpredictable intervals three to four times a day during a work shift, and would miss more than three days of work a month, was not properly evaluated. (*Id.*)

It is well settled that the opinion of a treating physician is entitled to substantial weight unless "good cause" exists for not heeding it. *Phillips v. Barnhart*, 357 F. 3d 1232, 1241 (11th Cir. 2004). "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). A medical

opinion provided by a claimant's treating physician may be entitled to controlling weight if the ALJ finds "that the treating source's medical opinion is 'well-supported' by 'medically acceptable' clinical and laboratory diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." SSR 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with other "substantial evidence" of record. *Id*. The weight afforded a medical source's opinion on the issues of the nature and severity of a claimant's impairments is analyzed with respect to factors including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support the opinion, the consistency of the opinion with the record as a whole, and the specialty of the medical source. 20 C.F.R. § 416.927(c)(2).

Even if a medical opinion is not entitled to controlling weight, however, the opinion of a treating physician is entitled to substantial or considerable weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985) (per curiam). A physician qualifies as a "treating source" if the claimant sees the physician "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition(s)." 20 C.F.R. § 404.1502. As stated above, if controlling weight is not given to a treating physician's opinion, the ALJ is required to give "good reasons" for the weight given to this opinion. 20 C.F.R. § 404.1527(c)(2). Where the ALJ articulates specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are

supported by substantial evidence, there is no reversible error.  *See Moore v. Barnhart*, 405 F. 3d 1208, 1212 (11th Cir. 2005) (per curiam).

As stated above, the law of this circuit is clear that the opinion of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary.  The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error.  The Eleventh Circuit has found no reversible error, however, "[w]here our limited review precludes re-weighing the evidence anew, and [where] the ALJ articulated specific reasons for failing to give [the treating physician's] opinion controlling weight" and these findings are supported by substantial evidence. *Petteway v. Commissioner of Social Sec.* 353 F. App'x 287, *290 (11th Cir. 2009).

In this case, the ALJ did not give controlling weight to the RFC assessment completed by Dr. Southerland and stated his reasons for doing so.  (Tr. 23.)   The ALJ based the decision on the evidence of record, including the treatment notes of Dr. Southerland which were inconsistent with his opinion of her ability to perform work-related activities (Tr. Tr. 244-47, 356-57, 395-97, 399-401, 447-462, 485-86, 489- 94, 509, 512-13, 516-17), the opinions of the consultative examiners, as well as the assessments of the state agency medical consultants.  (Tr. 23.)  Specifically, the ALJ stated that there "was no objective evidence to substantiate the limiting residual functional capacity" of Claimant as found by Dr. Southerland.  (Tr. 23.)   The Commissioner correctly points out that Dr. Southerland indicated no significant functional limitations regarding Claimant's range of motion (Tr. 401), which is the core

assessment of the RFC determination. The ALJ further found that the symptoms and limitations as subjectively alleged by the Claimant were credible only to the extent that she could perform work as prescribed by his RFC finding. *Id.*

Upon review of the entire record, the ALJ appears to have committed no error in weighing or discounting the opinion of Claimant's treating physician, nor any error in evaluating the medical evidence, and substantial evidence supports his decision. Thus, it is found that the ALJ articulated his reasons for giving less weight to the opinion of Claimant's treating physician, Dr. Southerland and that his reasons constitute good cause.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is RECOMMENDED that the Commissioner's decision be AFFIRMED. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this, the 20th day of December, 2012.

                                            S/ STEPHEN HYLES
                                            UNTED STATES MAGISTRATE JUDGE