IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| MIRIAM WALKER, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | No. 3:12-CV-25 (CAR) |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | Social Security Appeal |
| | : | |
| Respondent. | : | |
| _____ | : | |

## ORDER ON THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the United States Magistrate Judge's Report and Recommendation [Doc. 14] to affirm the Commissioner's denial of Claimant Miriam Walker's application for a period of disability, disability insurance, and supplemental security income, finding that Claimant was not disabled within the meaning of the Social Security Act and Regulations. Claimant has filed a timely Objection to the Recommendation [Doc. 15].

Having considered Claimant's objections and investigated those matters *de novo*, the Court agrees with the findings and conclusions of the United States Magistrate Judge. Upon review of the record, the Court finds that the Commissioner, by adopting the Administrative Law Judge's ("ALJ") determination, applied the correct legal standards and that this decision was supported by substantial evidence.

Therefore, the Recommendation is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**.

In her Objection, Claimant takes issue with three fatal "errors" in the Magistrate Judge's Recommendation. Specifically, Claimant asserts that the Magistrate Judge (1) incorrectly concluded that the ALJ was not required to evaluate Claimant's obesity; (2) applied an incorrect legal standard by requiring objective proof of Claimant's limitations rather than the impairments that cause her limitations; and (3) underestimated the Claimant's limited range of motion in relation to her residual functional capacity ("RFC"). The Court notes that these objections are essentially restatements of arguments that were presented to the Magistrate Judge in Claimant's original briefs. Nevertheless, the Court has conducted a *de novo* review of the administrative record and the Commissioner's decision. Ultimately, the Court finds that Claimant has failed to establish the Commissioner's decision was erroneous.

Claimant's first objection wholly misconstrues the Magistrate Judge's findings regarding the parties' respective burdens of proof in Social Security proceedings. The Magistrate Judge did not conclude that the ALJ was entitled to ignore the effects of Claimant's purported "obesity." Rather, the Magistrate Judge correctly noted that Claimant did not satisfy her burden of proof because she failed to establish that her obesity was a "severe," medically determinable impairment or that her obesity

combined with her other impairments to become "severe." In addition, a claimant must provide evidence of the "effect of the impairment on her ability to work."[1] Although the ALJ has a "duty to investigate the facts and develop the arguments both for and against granting benefits,"[2] the ALJ "is under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.'"[3] In this case, Claimant failed to cite any medical records to establish her obesity as a severe limitation, either independently or as an aggravating condition, or that it significantly impacts her ability to perform basic work activities.[4]

Next, Claimant asserts that the Magistrate Judge applied an incorrect legal standard by requiring objective evidence of Claimant's actual limitations. In actuality, the Magistrate Judge merely recited well-settled Eleventh Circuit precedent, which permits the ALJ to discount "[a] treating physician's report … when it is not accompanied by objective medical evidence."[5] In accordance with this standard, the ALJ concluded that there was "no objective evidence to substantiate the limiting

---

[1] *Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005).
[2] *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000).
[3] *Street v. Barnhart*, 133 F. App'x 621, 627 (11th Cir. 2005) (quoting *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996).
[4] Although Claimant's medical records reference her height and relative weight, this minimal information does not establish Claimant's obesity is a severe impairment because "[t]here is no specific level of weight or BMI that equates with a 'severe' or 'not severe' impairment." SSR 02-1p, 2002 WL 3468281, at *4 (S.S.A. 2002).
[5] R&R at 7 [Doc. 14] (citing *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987).

3

residual functional capacity" found by Dr. Southerland, Claimant's treating physician.[6] As the Magistrate Judge correctly noted, Dr. Southerland did not identify any objective medical findings in support of his assessment, and Claimant did not personally provide any medical findings to support her treating physician's conclusory statements. Moreover, the ALJ's decision was supported by other evidence in the record, including the inconsistency between Dr. Southerland's treatment notes and his opinion of her ability to perform work-related activities. As such, this Court cannot discern any error in the Magistrate Judge's articulation of the law or the ALJ's decision to discount a treating physician's opinion.

Finally, Claimant takes issue with the Magistrate Judge's statement that "Dr. Southerland indicated no significant functional limitations regarding Claimant's range of motion, which is the core assessment of the RFC determination."[7] Specifically, Claimant states "there is evidence of reduced range of motion, and … there is no basis for considering one finding the only important one when there are other findings to support the opinion."[8] In short, Claimant asks this Court to overturn the Commissioner's decision by re-weighing the evidence in this case. As the Magistrate Judge clearly stated in his Recommendation, "[t]he court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may [not] decide

---

[6] Soc. Sec. Admin. Decis. at 4 [Doc. 10 at 24].
[7] R&R at 9-10 [Doc. 14] (internal citation omitted).
[8] Obj. to R&R at 2 [Doc. 15].

4

facts, re-weigh evidence, [or] substitute its judgment for that of the Commissioner."[9] Although there may be evidence that supports Claimant's position, the Court cannot reverse the Commissioner's decision if it is supported by substantial evidence, as it is in this case.[10]

Accordingly, the Court finds that the Commissioner's decision should be affirmed because the ALJ applied the correct legal standards, and this decision is supported by substantial evidence. Thus, the Recommendation of the United States Magistrate Judge [Doc. 14] is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**. For the reasons set forth in the Recommendation, the decision of the Commissioner is **AFFIRMED**.

**SO ORDERED,** this 4th day of February, 2013.

S/ C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP/ssh

---

[9] *Id.* at 2 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)).
[10] *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) ("Even if the evidence preponderates against the [Commissioner's] factual findings, we must affirm if the decision reached is supported by substantial evidence.").